**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHICAGOLAND RACE MEET OPERATORS AND LOCAL 134 I.B.E.W. JOINT PENSION TRUST, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. 16-CV-6154<br>)<br>) |
| vs. | ) JUDGE:<br>) |
| WORLD WIDE WAGERING, INC., an Illinois Corporation; and COAST TO COAST FOOD SERVICE, LTD. d/b/a ILLINOIS OFF TRACK BETTING d/b/a COAST TO COAST FOOD BALMORAL PARK d/b/a COAST TO COAST FOOD MAYWOOD PARK, an Illinois Corporation, | )<br>) MAGISTRATE JUDGE:<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **COMPLAINT**

NOW COMES the Plaintiff, CHICAGOLAND RACE MEET OPERATORS AND LOCAL 134 I.B.E.W. JOINT PENSION TRUST (the "PENSION FUND"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendants WORLD WIDE WAGERING, INC. ("WWW") and COAST TO COAST FOOD SERVICE, LTD. d/b/a ILLINOIS OFF TRACK BETTING d/b/a COAST TO COAST FOOD BALMORAL PARK d/b/a COAST TO COAST FOOD MAYWOOD PARK ("COAST TO COAST") and allege as follows:

### **JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") as amended by the Multiemployer Pension Plan Amendment Acts of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132, 1145 and 1451(c).

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the

1

PENSION FUND is administered at 25 West Palatine Road, Palatine, Illinois 60607, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Board of Trustees of the PENSION FUND is authorized to administer the PENSION FUND, which receives contributions from numerous employers and is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1302(a)(3).

4. The Board of Trustees of the PENSION FUND is the plan sponsor of the PENSION FUND within the meaning of 29 U.S.C. § 1301(a)(10)(A).

5. Pursuant to Sections 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the PENSION FUND is authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting withdrawal liability.

6. The Defendant WWW is an Illinois corporation which maintains its principal place of business in Melrose, Illinois and is an employer for purposes of determining and assessing withdrawal liability under 29 U.S.C. § 1002(5).

7. The Defendant COAST TO COAST is an Illinois corporation which maintains its principal place of business in Melrose, Illinois and is an employer for purposes of determining and assessing withdrawal liability under 29 U.S.C. § 1002(5).

## COUNT I
## CLAIM FOR UNPAID INTERIM WITHDRAWAL LIABILITY QUARTERLY INSTALLMENTS

8. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. At all times relevant to this action, Defendant WWW owned stock possessing 100% of the total combined voting power of all classes of stock entitled to vote or 100% of the total value of outstanding shares of all classes of stock of Balmoral Racing Club, Inc.

10. At all times relevant to this action, Defendant WWW owns stock possessing 100% of the total combined voting power of all classes of stock entitled to vote or 100% of the total value of outstanding shares of all classes of stock of Maywood Park Trotting Association, Inc.

11. At all times relevant to this action, Defendant COAST TO COAST was a member of the Controlled Group as defined by 29 U.S.C. § 1301(b)(1) with WWW.

12. WWW and COAST TO COAST are a combined group of trades or businesses under common control with Balmoral Racing Club, Inc. and Maywood Park Trotting Association, Inc. (collectively "Balmoral/Maywood").

13. Balmoral/Maywood were signatories to Collective Bargaining Agreements with the I.B.E.W. Local Union No. 134 ("CBAs"), which required them to submit contributions to the PENSION FUND on behalf of their employees working in covered employment.

14. On or about March 1, 2016, Balmoral/Maywood ceased all operations covered by their CBAs. As a result, Balmoral/Maywood's obligation to contribute to the PENSION FUND ceased.

15. On or about March 1, 2016, the PENSION FUND determined that Balmoral/Maywood had completely withdrawn from the PENSION FUND during the plan year beginning January 1, 2016 and ending December 31, 2016 within the meaning of 29 U.S.C. § 1383.

16. On or about March 1, 2016, the PENSION FUND's actuary estimated that Balmoral/Maywood incurred withdrawal liability to the PENSION FUND in the amount of $5,019,509.00 pursuant to 29 U.S.C. § 1392.

17. All trades or businesses in common control with Balmoral/Maywood at the time of Balmoral/Maywood's withdrawal, including but not limited to Defendants WWW and COAST TO COAST, were a group of trades or businesses under common control (the "Balmoral/Maywood Controlled Group"), are considered a single employer within the meaning of ERISA, 29 U.S.C. § 1301(b)(1), and are jointly and severally liable for Balmoral/Maywood's withdrawal liability assessment.

18. On March 1, 2016, the PENSION FUND's counsel sent a notice and demand for payment to the Balmoral/Maywood Controlled Group, through Defendant WWW, in accordance with 29 U.S.C. § 1399. (A copy of the Demand for Payment is attached as Exhibit 1).

19. The notice and demand for payment enclosed a payment schedule in accordance with 29 U.S.C. § 1399, pursuant to which Defendant WWW was required to make thirty-five (35) quarterly payments in the amount of $185,355.00 each followed by one final payment in the amount of $70,083.00 to pay off its withdrawal liability. The first quarterly payment was due on March 15, 2016.

20. On March 17, 2016, the PENSION FUND's counsel sent a Notice to Cure to the Balmoral/Maywood Controlled Group, through Defendant WWW, in accordance with 29 U.S.C. § 1399(c)(5)(A) after WWW failed to make the first quarterly payment. (A copy of the Notice to Cure is attached as Exhibit 2).

21. Sixty (60) days has passed since the PENSION FUND's counsel sent a notice to cure to Defendant WWW.

4

22. Defendant WWW requested that the PENSION FUND review the withdrawal liability calculation and/or assessment pursuant to 29 U.S.C. § 1399(b)(2) on May 18, 2016.

23. On June 7, 2016, Defendant WWW, through its attorney, received a notice from the PENSION FUND pursuant 29 U.S.C. § 1399(b)(2)(B), advising that the PENSION FUND rejected WWW's request for review and reaffirmed the withdrawal liability assessment.

24. Defendant WWW has not initiated arbitration to challenge the PENSION FUND's withdrawal liability assessment pursuant to 29 U.S.C. § 1401.

25. The Balmoral/Maywood Controlled Group has not made any of the required quarterly installments as required by 29 U.S.C. §1399(c)(3).

26. Pursuant to 29 U.S.C. §1399(c)(5), the PENSION FUND may file suit and obtain a judgment for unpaid quarterly installments after sending the withdrawing employer notice to cure its default.

27. Plaintiff has complied with all conditions precedent in bringing this suit.

28. The Balmoral/Maywood Controlled Group is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1451(e).

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

A. That Judgment be entered in favor of the Plaintiff and against the Defendants WWW and COAST TO COAST, jointly and severally, for all unpaid quarterly installments that are due and owing through the date of the judgment;

B. That Judgment be entered in favor of the Plaintiff and against the Defendants WWW and COAST TO COAST, jointly and severally, for interest calculated from March 15, 2016 through the date of the judgment;

C.     That Judgment be entered in favor of the Plaintiff and against the Defendants WWW and COAST TO COAST, jointly and severally, for the attorney's fees and costs incurred by the Plaintiff pursuant to the terms of the PENSION FUND's Trust Agreement and 29 U.S.C. §§ 1132(g)(2) and 1451(e);

D.     That this Court enter an Order requiring the Defendants WWW and COAST TO COAST to pay quarterly installments as they become due;

E.     That this Court enter an Order requiring the Defendants WWW and COAST TO COAST to produce information necessary for the Plaintiff to determine the person(s) or interests maintaining a controlling of each share held in the Defendants; and

F.     That Plaintiff has such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**CHICAGOLAND RACE MEET OPERATORS AND LOCAL 134 I.B.E.W. JOINT PENSION TRUST**

/s/ Jeffrey A. Krol – 6300262
One of Plaintiff's Attorneys

Jeffrey A. Krol
**JOHNSON & KROL, LLC**
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 757-5465
jeffkrol@johnsonkrol.com